UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BRUCE E. SMITH,<br><br>                  Petitioner,<br><br>  v.<br><br>RON HAYNES,<br><br>                  Respondent. | No. C16-5421 BHS-KLS<br><br>**REPORT AND RECOMMENDATION**<br>**Noted for:  September 30, 2016** |

Petitioner Bruce E. Smith filed a 28 U.S.C. § 2254 habeas petition challenging his 2002 jury conviction of first-degree murder, first-degree burglary and first-degree rape. Dkt 6. Respondent contends that the petition is barred by the federal statute of limitations. Dkt. 11. Mr. Smith filed no reply. The undersigned concludes that Mr. Smith's petition is time-barred and recommends dismissal with prejudice and denial of a certificate of appealability.

## STATE COURT PROCEDURAL BACKGROUND

Mr. Smith appealed his conviction. Dkt. 12, Exhibit 2. The Washington Court of Appeals affirmed his judgment and sentence in an unpublished opinion. *Id*., Exhibit 4. Mr. Smith petitioned for review and the petition was denied by the Washington Supreme Court on November 4, 2004. *Id*., Exhibit 5, ACORDS printout for Cause No. 75332-6[1].

---

[1] Respondent requested this file and the file for Case No. 78863-5 from the records center. Respondent was notified that the 75332-6 file was destroyed on 12/13/2013 and the 78863-4 file was destroyed on 3/9/2016.

REPORT AND RECOMMENDATION - 1

On July 18, 2005, Mr. Smith timely filed his first personal restraint petition. Dkt. 12, Exhibit 6. The Washington Court of Appeals dismissed the petition. *Id*., Exhibit 9. Mr. Smith moved for discretionary review. On October 31, 2006, the Washington Supreme Court denied the motion along with Mr. Smith's motion to modify commissioner's ruling. *Id*., Exhibit 10, ACORDS printout for Cause No. 78863-4.

Five and one-half years later, on March 13, 2012, Mr. Smith filed his second personal restraint petition directly in the Washington Supreme Court. *Id*., Exhibit 11. The Washington Supreme Court dismissed the petition. *Id*., Exhibit 14. Mr. Smith moved to modify. *Id*., Exhibit 15. The Washington Supreme Court denied the motion on December 5, 2012. *Id*., Exhibit 16.

Two years later, on December 10, 2014, Mr. Smith filed another petition directly in the Washington Supreme Court. The Washington Supreme Court transferred the petition to the Washington Court of Appeals. *Id*., Exhibit 17, ACORDS printout for Cause No. 47086-1, at 2. After the Washington Court of Appeals dismissed the petition, Mr. Smith petitioned for review. *Id*., Exhibit 18. The Washington Supreme Court denied the petition. *Id*., Exhibit 19. Mr. Smith moved to modify the commissioner's ruling. *Id*., Exhibit 20. On April 27, 2016, the Washington Supreme Court denied the motion. *Id*., Exhibit 21, ACORDS printout for Cause No. 91743-4, at 1. (The Washington Supreme Court file does not contain a copy of the order denying the motion to modify.)

**DISCUSSION**

A.     **Statute of Limitations - 28 U.S.C. § 2244(d)**

The Antiterrorism and Effective Death Penalty Act (AEDPA) established a statute of limitations for petitions filed by prisoners challenging their custody under a state court judgment and sentence. 28 U.S.C. § 2244(d). Where the challenged judgment became final after April

REPORT AND RECOMMENDATION - 2

24, 1996, the statute generally begins to run from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). For purposes of 28 U.S.C. § 2244(d)(1)(A), direct review generally concludes and the judgment becomes final either upon the expiration of the time for filing a petition for writ of certiorari with the Supreme Court, or when the Court rules on a timely filed petition for certiorari. *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999). The time period for seeking certiorari is ninety days, according to the Supreme Court Rule 13. *Id.* However, the judgment becomes final on an earlier date where the direct review has terminated prior to reaching the state's highest court. *Gonzalez v. Thaler*, 132 S. Ct. 641, 652-56 (2012); *Wixom v. Washington*, 264 F.3d 894 (9th Cir. 2001). If the petitioner never files a timely direct review, the direct review process concludes upon expiration of time for seeking such review, and the judgment becomes final on that date. *Gonzalez*, 132 S. Ct. at 653-54.

On appeal, the Washington Supreme Court denied Mr. Smith's petition for review on November 4, 2004. Dkt. 12, Exhibit 5. Thus, AEDPA's one-year statute of limitations began running 90 days later, on February 2, 2005. Mr. Smith filed his first personal restraint petition on July 18, 2005. Dkt. 12, Exhibit 6. By that date, 166 days of AEDPA's one-year statute of limitations had passed. AEDPA's statute of limitations began running again on October 31, 2006, the day the Washington Supreme Court denied his motion to modify. Dkt. 12, Exhibit 10. At that time, Mr. Smith had up to May 18, 2007, or 199 days remaining on his AEDPA statute of limitations, to file his habeas corpus petition. He did not file his petition on or before May 18, 2007, the day AEDPA's statute of limitations expired.

Mr. Smith filed his second personal restraint petition almost five years later, in May of 2012. Dkt. 12, Exhibit 11. However, by that time, the AEDPA statute of limitations had long

REPORT AND RECOMMENDATION - 3

ran out and Mr. Smith was time-barred from filing his federal habeas corpus petition. *See* 28 U.S.C. § 2244(d)(2); *Pace v. DiGuglielmo*, 544 U.S. 408, 410 (2005) (an untimely state court petition for post-sentence relief does not toll federal statute of limitations because petition did not constitute a "properly filed" petition); *Allen v. Siebert*, 552 U.S. 3, 6 (2007) (per curiam), *reh'g denied*, 552 U.S. 1132 (it is immaterial for purposes of § 2244(d)(2) whether a state time limit is jurisdictional or is instead an affirmative defense).

Similarly, the filing of Mr. Smith's third personal restraint petition in 2014 has no bearing on the fact that his habeas corpus petition is untimely as the AEDPA 28 U.S.C. § 2244(d) statute of limitations ran out in May of 2007 and Mr. Smith's federal habeas petition was not signed and submitted for filing in this Court until May 29, 2016. Dkt. 1 at 15.

In addition, Mr. Smith fails to show any basis for equitable tolling. The AEDPA statute of limitations is subject to equitable tolling where the petitioner pursued his rights diligently and "some extraordinary circumstance stood in his way." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (*quoting Pace*, 544, U.S. at 418). Equitable tolling is appropriate where external forces, rather than the petitioner's lack of diligence, account for the failure to file a timely petition. *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). Whether a petitioner is entitled to equitable tolling is a fact-specific inquiry. *Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000) (en banc). To receive equitable tolling, a petitioner at the very least must show the extraordinary circumstances "were the but-for and proximate cause of his untimeliness." *See Miles*, 187 F.3d at 1105-07 (equitable tolling appropriate where prison official failed to properly process for mailing a timely submitted petition); *Frye v. Hickman*, 273 F.3d 1144 (9th Cir. 2001) (equitable tolling not appropriate where attorney miscalculated the statute of limitations deadline).

REPORT AND RECOMMENDATION - 4

Mr. Smith does not demonstrate any extraordinary circumstance that prevented him from filing a timely habeas corpus petition.  Accordingly, the undersigned concludes that his petition is time barred under 28 U.S.C. § 2244(d)(1) and should be dismissed.

**B.      Certificate of Appealability**

If the District Court adopts this Report and Recommendation, it must determine whether a certificate of appealability ("COA") should issue.   Rule 11(a), Rules Governing Section 2254 Cases in the United States District Courts.  A COA may be issued only where a petitioner has made "a substantial showing of the denial of a constitutional right."  See 28 U.S.C. § 2253(c)(2).  A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller–El v. Cockrell*, 537 U.S. 322, 327, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003).

Under this standard, Mr. Smith should be denied a COA because no reasonable jurist could disagree with dismissing as time-barred a habeas petition that was filed beyond the one-year statute of limitations and the record establishes that equitable tolling is not warranted.

**CONCLUSION**

Mr. Smith's federal habeas corpus petition is untimely as his petition was filed more than one year after his state court judgment became final.  There are no extraordinary circumstances in his case that require the application of equitable tolling principles.  Therefore, his federal habeas petition is barred by the one-year statute of limitations period under 28 U.S.C. § 2244(d) and should be **DISMISSED WITH PREJUDICE**.  No evidentiary hearing is required and a certificate of appealability should be denied.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure (Fed. R. Civ. P.), the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections.  See also Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **September 30, 2016**, as noted in the caption.

**DATED** this 13th day of September, 2016.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 6